# IN THE UNITED DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 1-19-CV-00935-RBJ-STV

JOAN CAROL LIPIN,

        Plaintiff,

v.

WISEHART SPRINGS INN, INC., ARTHUR D. WISEHART,
*in his individual capacity*, and in his capacity as President and
"Alter-Ego" of Wisehart Springs Inn, Inc., MARK APELMAN,
DEBBIE GRIFFITH, *in her official capacity as Delta County
Assessor*, REBECCA W. GEYER, ELLEN E. WISEHART,
RICHARD HUNTER KREYCIK, AND ERIN M. JAMESON,

        Defendants.

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO
APR 23 2019
JEFFREY P. COLWELL
CLERK

---

**PLAINTIFF'S OPPOSITION TO THE MOTION OF DEFENDANT GRIFFITH,
FOR A 39-DAY EXTENTION OF TIME TO RESPOND TO THE
AMENDED VERIFIED COMPLAINT**

---

**COMES NOW JOAN CAROL LIPIN,** who, as grounds for her opposition to the motion filed by defendant Debbie Griffith, *in her official capacity as Delta County Assessor*, for a 39-day extension of time to respond to the plaintiff's Amended Verified Complaint, by June 8, 2019, which is on a Saturday, states as follows.

1.    The Federal Rules of Civil Procedure (2019), govern this civil litigation.

2.    The purpose of the Federal Rules of Civil Procedure is "<u>to secure the just, speedy, and inexpensive determination of every action and proceeding</u>" (emphasis added), Fed. R. Civ. P. 1.

3.    The motion, and request, for an extension of time that was filed by defendant Griffith is contrary to the purpose of the Federal Rules of Civil Procedure. (*id.*)

4.Plaintiff submits this Response in opposition to Defendant Griffith's Motion for Extension of Time, under the unique circumstances of this case, and because plaintiff will be prejudiced by a 39-day extension of time.

5.Defendant Debbie Griffith, *in her official capacity as Delta County Assessor*, has not shown good cause for needing a 39-day extension of time, on the basis of the frivolous, vexatious, and harassing reasons that are set forth at paragraph 6 of her Motion (Doc # 8, p. 2).

6.In addition, defendant Griffith's displeasure with the decision of the Plaintiff to have her personally served, and also to have each of Defendant Griffith's co-defendants personally served, by the Delta County Sheriff, in the State of Colorado, or by the Denver Sheriff, in the State of Colorado, or by the Hamilton County Sheriff, located in Noblesville, in the State of Indiana, does not suffice as good cause to extend time to defendant Debbie Griffith, *in her official capacity as Delta County Assessor*, to answer the Amended Verified Complaint herein.

7.This Court should deny the Motion of Defendant Griffith to extend her deadline to answer from April 30, 2019, to June 8, 2019.

8.In addition, defendant Griffith's Motion also is contrary to Rule 5(b)(2) of the Federal Rules of Civil Procedure governing how service is to be made.

9.Defendant Griffith is unable to deny that on April 9, 2019, at 9:15 a.m., the Delta County Sheriff's Office effectuated personal service of the following documents upon defendant Debbie Griffith, *in her official capacity as Delta County Assessor*: The Summons and Amended Verified Complaint; The Civil Cover Sheet; The Rules of the Honorable R. Brooke Jackson, U.S.D.J.; The Rules of Magistrate Scott T. Varholak; and The Consent Form.

10. The motion filed by defendant Griffith also should be denied for the further reason that it relies upon the inapplicable Rule 4(d) (Doc # 8, at ¶¶ 4), which with intent to deceive, by mischaracterizing the plain language set forth therein, which states as follows:

(d) **Waiving Service**.

(1) *Requesting a Waiver*. An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons. <u>The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons</u>. The notice and request must:....

11. In addition, the statements of defendant Griffith at paragraphs 3 and 4 of her motion (Doc # 8), therefore are not applicable or relevant to this litigation, because she was served with process, personally, on April 9, 2019, in accordance with Rule 4(1), by the Delta County Sheriff, and waited approximately one-week prior to causing this litigation to "be referred" to attorney Driscoll "on or about April 15, 2019," with personal knowledge, and with notice, that her response to plaintiff's Amended Verified Complaint is due on April 30, 2019.

12. Although plaintiff has yet to receive Proof of Service upon defendant Griffith, and upon receipt the Proof of Service, by the Delta County Sheriff, upon its receipt, plaintiff will promptly file the server's affidavit in this Court, in accordance with Rule 4(l) of the Federal Rules of Civil Procedure.

13. The request for a 39-day extension of time also was made by defendant Griffith in bad faith, contrary to her dishonest statements at paragraph 8 (Doc # 8), and as shown by the bad faith statements upon which she relies at ¶¶ 4, 6, 7, and 9, in the motion attorney Driscoll filed on her behalf (Doc # 8), even though he and his law firm have yet to file a Notice of Appearance on behalf of defendant Debbie Griffith, *in her official capacity as Delta County Assessor*.

14. Plaintiff raised the Notice of Appearance issue with attorney Driscoll in response to his frivolous, vexatious, and harassing request for a "60-day" extension of time for defendant Griffith to

file her response to the Amended Verified Complaint that is due to be filed on April 30, 2019, as shown in plaintiff's e-mail dated April 19, 2019, to attorney Driscoll, Exhibit 1 annexed hereto, which states, as follows:

> Defendant Griffith's response to the Amended Verified Complaint is due on April 30, 2019, as admitted in your e-mail of today's date.
>
> However, because you and your law firm have yet to appear on behalf of defendant Debbie Griffith, in her official capacity as Delta County Assessor, as shown in the attached Pacer Docket, you and your law firm have no standing to request an extension of time in which to file the answer on behalf of defendant Griffith, who was served, personally, by the Delta County Sheriff on April 9, 2019, your request for a "60 day extension" on behalf of defendant Griffith, for whom you and your law firm have yet to enter an appearance, also is unethical.
>
> In addition, your request is unethical because it is contrary to the rights of the undersigned under the Due Process Clause, and the Equal Protection Clause, of the Fourteenth Amendment of the United States Constitution, and the Free Speech Clause of the First Amendment.
>
> Further, even if you and your law firm were now to appear on behalf of defendant Griffith, I will oppose the bad faith of the motion for a "60 day extension" of time "to respond to amended verified complaint."
>
> Sincerely,
>
> Joan Carol Lipin

15.     Fed. R. Civ. P. Rule 6(b)(1) provides that: When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect. See Fed. R. Civ. P. 6(b)(1). While the applicable standard is not typically a demanding one, <u>that does not mean extensions are automatic and can be granted without a proper showing of good cause</u>. (Emphasis added.)

4

16.     In addition, Plaintiff will be unduly prejudiced by the delay extending the time to answer to June 8, 2019, would cause, and this Court has the discretion to prevent such harm by extending the answer deadline to June 8, 2019, as stated in *Jenkins v. Commonwealth Land Title Ins. Co.*, 95 F.3d 791, 795 (9th Cir. 1996) (district court did not abuse its discretion when making a decision regarding an enlargement of the time to answer).

17.     Defendant Debbie Griffith, in her official capacity as Delta County Assessor, has failed to provide any precedent that supports her argument that the decision of the undersigned Plaintiff to personally serve that defendant, instead of requesting a waiver of service, establishes good cause to extend her time to answer, contrary to the specific statutory language under Fed.R.Civ.P. 4(e), <u>that a plaintiff has the option to serve a defendant by either (1) deliver[ing] "a copy of the summons and of the complaint to the individual personally</u> or by leaving copies thereof at the individual's dwelling house or usual place of abode" or (2) by following the state law rules for effecting service. Fed. R. Civ. P. 4(e) (emphasis added.)

18.     A plaintiff is not required to request a waiver of service, and Plaintiff Joan Carol Lipin chose to have personal service made upon Defendant Debbie Griffith, *in her official capacity as Delta County Assessor*, and upon each of her co-defendants, by the Delta County Sheriff, in the State of Colorado, or by the Denver Sheriff, in the State of Colorado, or by the Hamilton County Sheriff, located in Noblesville, in the State of Indiana.

19.     In other words, requesting a waiver of service pursuant to Rule 4(d) <u>is an option for a plaintiff, not a requirement</u>, and the fact that Plaintiff Joan Carol Lipin chose to have the pleadings and documents personally serve upon Defendant Griffith, and upon each of her co-defendants, does not automatically entitle Defendant Debbie Griffith, *in her official capacity as Delta County Assessor*, to an extension of time to answer especially when she failed to establish good cause for such an extension.

5

20. In addition, Defendant Griffith also failed to provide any precedent or procedural rule that would support granting an extension of time to answer because her defense counsel is busy with other matters. (Doc # 8, at ¶¶ 6-7)

21. In addition, this litigation is not an action where Defendant Griffith, or her co-defendants, have to engage in extensive research or conduct an investigation to answer the allegations in the Plaintiff's Amended Verified Complaint.

22. Further, any allegation that Defendant Griffith may not have information about at this time can be denied upon information and belief, and her Motion therefore constitutes a bad faith pretext to unnecessarily delay, and to cause irreparable injury Plaintiff, and to her real estate properties that are located at 39508 Pitkin Road and 39540 Pitkin Road, in Paonia, Delta County, Colorado, because the excuse of Defendant's counsel that he is "catching up on several matters that arose while out of the office and complying with deadlines in other cases," does not show, or provide, good cause for requesting a month-and-a-half extension of time to answer.

23. The vague assertions by the involvement of attorney Driscoll in other litigation, and related matters, does not meet the good cause standard to warrant extending the time of Defendant Griffith to answer, which would be approximately an additional six weeks, from April 30, 2019 to June 8, 2019.

24. Moreover, based on the argument of Defendant Griffith, if there was good cause to extend the time to answer, she would have requested attorney Driscoll to file this Motion (Doc # 8) at an earlier date, rather than on April 22, 2019, a mere eight days before Defendant Griffith's answer is due to be filed on April 30, 2019, in order to ensure that that this Court would have enough time to consider the Motion properly.

25.     Accordingly, Defendant Debbie Griffith, *in her official capacity as Delta County Assessor*, has failed to demonstrate that her attorney's pretextual contention of being busy has not established good cause to extend her time to answer to June 8, 2019, and attorney Driscoll's busy schedule does not meet the excusable neglect standard under Rule 6(b)(2).

26.     The motion filed by Defendant Debbie Griffith, *in her official capacity as Delta County Assessor*, to extend time to answer to June 8, 2019, also should be denied because Plaintiff has now commenced this action, on March 29, 2019, and filed her Amended Verified Complaint on April 1, 2019.

27.     Plaintiff therefore had the right to choose the best method to serve each Defendant party herein, including Defendant Debbie Griffith, *in her official capacity as Delta County Assessor* in light of the resources of Defendant Griffith's defense counsel, which includes approximately eleven attorneys at the law firm of WILLIAM, TURNER, & HOLMES, P.C., attorney Driscoll has not submitted not submitted good cause to extend the time of Defendant Griffith to answer for nearly one and a half months to extend the time to answer.

28.     In addition, Defendant Griffith has unreasonably delayed the filing of this motion until eight days prior to the first answer being due on April 30, 2019, even though she was personally served on April 9, 2019.

29.     Also, the statements at paragraph 8 of the Motion (Doc # 8), that "No party will be prejudiced by this extension," and that the "request is not sought for purposes of delay or other improper purposes, are false, and such statements are misleading, and were not made in good faith.

## CONCLUSION

30. For the foregoing reasons, Plaintiff respectfully requests that this Court deny the Defendant Griffith's Motion for Extension of Time to extend the time for Defendant Debbie Griffith, in her official capacity as Delta County Assessor to June 8, 2019.

Dated: April 22, 2019

                                         Respectfully submitted,

                                         */s/ Joan Carol Lipin*

                                         Joan Carol Lipin
                                         45 East 89th Street,
                                         Apartment 14G
                                         New York, New York 10128
                                         212.722.5894; jclipin@aol.com

                                         Plaintiff, *Pro Se*

**EXHIBIT 1**

Case No. 1:19-cv-00935-RBJ   Document 14   filed 04/23/19   USDC Colorado   pg 10 of 14

4/22/2019    Re: JOAN CAROL LIPIN v. WISEHART SPRINGS INN, INC., ARTHUR D. WISEHART, in his individual capacity, and in his capacity as P...

**From:** jclipin <jclipin@aol.com>
**To:** jdriscoll <jdriscoll@wth-law.com>
**Cc:** mbernal <mbernal@wth-law.com>
**Subject:** Re: JOAN CAROL LIPIN v. WISEHART SPRINGS INN, INC., ARTHUR D. WISEHART, in his individual capacity, and in his capacity as President and "Alter-Ego" of Wisehart Springs Inn, Inc., MARK APELMAN, DEBBIE GRIFFITH, in her official capacity as Delta County Assessor, REBECCA W. GEYER, ELLEN E. WISEHART, RICHARD HUNTER KREYCIK, AND ERIN M. JAMESON [USDC - District of Colorado Case Number 19-cv-00935-RBJ-STV]
**Date:** Fri, Apr 19, 2019 5:27 pm
**Attachments:** Pacer Docket in Joan Carol Lipin v. Wisehart Springs Inn, Inc., et al., 19-cv-00935, 04-19-2019.pdf (1214K)

---

Dear Mr. Driscoll:

Defendant Griffith's response to the Amended Verified Complaint is due on April 30, 2019, as admitted in your e-mail of today's date.

However, because you and your law firm have yet to appear on behalf of defendant Debbie Griffith, in her official capacity as Delta County Assessor, as shown in the attached Pacer Docket, you and your law firm have no standing to request an extension of time in which to file the answer on behalf of defendant Griffith, who was served, personally, by the Delta County Sheriff on April 9, 2019, your request for a "60 day extension" on behalf of defendant Griffith, for whom you and your law firm have yet to enter an appearance, also is unethical.

In addition, your request is unethical because it is contrary to the rights of the undersigned under the Due Process Clause, and the Equal Protection Clause, of the Fourteenth Amendment of the United States Constitution, and the Free Speech Clause of the First Amendment.

Further, even if you and your law firm were now to appear on behalf of defendant Griffith, I will oppose the bad faith of the motion for a "60 day extension" of time "to respond to amended verified complaint."

Sincerely,

Joan Carol Lipin

-----Original Message-----
From: Marlys Bernal <mbernal@wth-law.com>
To: jclipin@aol.com <jclipin@aol.com>
Cc: Jeff Driscoll <jdriscoll@wth-law.com>
Sent: Fri, Apr 19, 2019 1:37 pm
Subject: Lipin v. Wisehart Springs, Inn, et al., [USDC - District of Colorado case number 19-cv-00935-RBJ]

Ms. Lipin,

Jeffrey L. Driscoll from this law firm will be representing Debbie Griffith, in her official capacity as Delta County Assessor, in the above-referenced lawsuit. It is our understanding that Ms. Griffith was served the Summons and Amended Verified Complaint on April 9, 2019, which makes a response due by April 30, 2019.

Case No. 1:19-cv-00935-RBJ   Document 14   filed 04/23/19   USDC Colorado   pg 11 of 14

4/22/2019   Re: JOAN CAROL LIPIN v. WISEHART SPRINGS INN, INC., ARTHUR D. WISEHART, in his individual capacity, and in his capacity as P...

Mr. Driscoll has been out of town this week in depositions and will be out the majority of next week in deposition in a separate case. Mr. Driscoll will need additional time to conduct an initial investigation before responding to the amended verified complaint. We would request that the response be due 60-days after April 9, 2019 - which is commensurate with the time allowed if Defendant had been offered the opportunity to waive service per Rule 12(a)(1)(A)(ii) on that date. Please let me know whether you concur with that request or if you will oppose our motion for extension of time to respond to amended verified complaint.

Thank you for your consideration. If you have questions or wish to discuss this further, please do not hesitate to contact Mr. Driscoll at jdriscoll@wth-law.com or at the telephone number noted below.

Regards,

*Marlys Bernal, Legal Assistant*
Williams, Turner & Holmes, P.C.
744 Horizon Court Suite 115
Grand Junction, CO  81506
Telephone:   (970)242-6262
E-mail:         wth@wth-law.com

CONFIDENTIALITY NOTICE: ATTORNEY-CLIENT PRIVILEGED / WORK PRODUCT
*This e-mail message, including any attachments and any metadata contained in any attachments, is for the sole use of the intended recipient(s) and may contain privileged attorney-client communications and work product. Any unauthorized review, use, disclosure, or distribution is prohibited. Do not review any metadata contained in any attachments. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.*

JD3

# U.S. District Court - District of Colorado
## District of Colorado (Denver)
## CIVIL DOCKET FOR CASE #: 1:19-cv-00935-RBJ

Lipin v. Wisehart Springs Inn, Inc. et al
Assigned to: Judge R. Brooke Jackson
Cause: 28:1983 Civil Rights

Date Filed: 03/29/2019
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

Joan Carol Lipin                                represented by Joan Carol Lipin
                                                                 45 East 89th Street
                                                                 Apartment 14G
                                                                 New York, NY 10128
                                                                 212-722-5894
                                                                 PRO SE

V.

**Defendant**

Wisehart Springs Inn, Inc.

**Defendant**

Arthur D. Wisehart
*in his capacity as President and "Alter-Ego" of Wisehart Springs Inn, Inc.*

**Defendant**

Arthur (I) D. Wisehart
*in his individual capacity*

**Defendant**

Mark Apelman

**Defendant**

Debbie Griffith
*in her official capacity as Delta County Assessor*

**Defendant**

Rebecca W. Geyer

**Defendant**

Ellen E. Wisehart

**Defendant**

Richard Hunter Kreycik

**Defendant**

Erin M. Jameson

| Date Filed | # | Docket Text |
|---|---|---|
| 03/29/2019 | 1 | Verified COMPLAINT against Mark Apelman, Rebecca W. Geyer, Debbie Griffith, Erin M. Jameson, Richard Hunter Kreycik, Arthur D. Wisehart, Arthur (I) D. Wisehart, Ellen E. Wisehart, Wisehart Springs Inn, Inc. (Filing Fee: $400.00Receipt Number:COX0895579), filed by Joan Carol Lipin. (Attachments: # 1 Proposed Summonses)(cmadr, ) (Entered: 03/29/2019) |
| 03/29/2019 | 2 | Case assigned to Judge R. Brooke Jackson and drawn to Magistrate Judge Scott T. Varholak. Text Only Entry. (cmadr, ) (Entered: 03/29/2019) |
| 03/29/2019 | 3 | Magistrate Judge consent form issued pursuant to 28 U.S.C. 636(c). Summonses submitted contain an incomplete caption, and will not be issued. Summons caption must list all parties. (cmadr, ) (Entered: 03/29/2019) |
| 04/01/2019 | 4 | SUMMONSES issued by Clerk and mailed to Plaintiff. Text only Entry (rsams, ). (Entered: 04/01/2019) |
| 04/01/2019 | 5 | AMENDED COMPLAINT against Mark Apelman, Rebecca W. Geyer, Debbie Griffith, Erin M. Jameson, Richard Hunter Kreycik, Arthur D. Wisehart, Arthur (I) D. Wisehart, Ellen E. Wisehart, Wisehart Springs Inn, Inc., filed by Joan Carol Lipin.(dkals, ) (Entered: 04/01/2019) |
| 04/01/2019 | 6 | CONSENT to Jurisdiction of Magistrate Judge by Plaintiff Joan Carol Lipin. All parties do not consent. (dkals, ) (Entered: 04/01/2019) |
| 04/03/2019 | 7 | SUMMONSES issued by Clerk in paper format and mailed to Plaintiff. Text Only Entry. (cmadr, ) (Entered: 04/03/2019) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 04/19/2019 15:11:57 | | | |
| PACER Login: | wk0014:2662459:0 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 1:19-cv-00935-RBJ |
| Billable Pages: | 1 | Cost: | 0.10 |

## CERTIFICATE OF SERVICE

The undersigned plaintiff hereby certifies that a true copy of the aforesaid document, was served upon attorney Jeffrey L. Driscoll, Reg. No. 21825, as the attorney for DEFENDANT DEBBIE GRIFFITH, *in her official capacity as Delta County Assessor*, this 22nd day of April, 2019, by United States Mail, postage pre-paid, to attorney Driscoll at the address of his law office that is set forth below:

Jeffrey L. Driscoll
WILLIAM, TURNER & HOLMES, P.C.
774 Horizon Court, Suite 115
Grand Junction, CO 81506

In addition, the undersigned plaintiff hereby certifies that a true copy of the aforesaid document, was served upon attorney Mark Apelman, as the attorney for Defendant MARK APELMAN, and for Defendants ARTHUR D. WISEHART, *in his individual capacity*, and in his capacity as President and "Alter-Ego" of Wisehart Springs Inn, Inc., ELLEN E. WISEHART, RICHARD HUNTER KREYCIK, AND ERIN M. JAMESON, but not for Defendant Wisehart Springs Inn, Inc., as shown by the Notice of Appearance he filed this 22nd day of April, 2019 (Doc # 9), by United States Mail, postage pre-paid, to attorney Apelman at the address of his law office that is set forth below:

Mark Apelman
Boyle/Apelman PC
1660 Lincoln Street, Suite 1510
Denver, CO 80264

Plaintiff also hereby certifies that a true copy of the aforesaid document was not served upon Defendant Rebecca W. Geyer, or upon Defendant Wisehart Springs Inn, Inc., because those Defendants have yet to appear.

*/s/ Joan Carol Lipin*
Joan Carol Lipin
45 East 89th Street
Apartment 14G
New York, New York 10128

Plaintiff-Appellant, *Pro Se*