IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 19-cv-00935-RBJ

JOAN CAROL LIPIN,

    Plaintiff,

v.

WISEHART SPRINGS INN, INC.; ARTHUR D. WISEHART, *in his individual capacity*, and in his capacity as President and "Alter-Ego" of Wisehart Springs Inn, Inc.; MARK APELMAN; DEBBIE GRIFFITH, *in her official capacity as Delta County Assessor*; REBECCA W. GEYER; ELLEN E. WISEHART; RICHARD HUNTER KREYCIK; and ERIN M. JAMESON,

    Defendants.

## ORDER

This order addresses (1) the Wisehart defendants' motion to dismiss and impose filing restrictions on plaintiff; (2) plaintiff's motion to disqualify attorney Mark Apelman and his law firm; (3) defendant Geyer's motion to dismiss; and (4) defendant Griffith's motion to dismiss. Plaintiff's motion is denied, but the defendants' motions are granted.

## BACKGROUND

In this case Joan C. Lipin claims, among other things, that Arthur D. Wisehart, Ellen E. Wisehart, Richard Hunter Kreycik, and Erin M. Jameson have operated the Wisehart Springs Inn in Paonia, Colorado as a cover for illegal narcotics trafficking and money laundering. I refer to these five defendants as the "Wisehart defendants." Defendant Mark Apelman is the Wisehart

1

defendants' attorney. Rebecca Geyer is an Indiana-based lawyer who provided expert opinions in a previous lawsuit. Debbie Griffith is the Delta County Assessor. Ms. Lipin's Amended Complaint asserts violations of RICO and other wrongs.

However, these claims cannot be understood or determined without knowing the context in which they are asserted. I provide that context by taking judicial notice of two other lawsuits in this district and one in state court involving Ms. Lipin and the Wiseharts.

### **Lipin v. Wisehart I**

On March 21, 2016 Ms. Lipin sued the same Wisehart defendants, minus the Wisehart Springs Inn, concerning the same property in Paonia, Colorado that is the subject of the present case. Ultimately, I granted summary judgment in defendants' favor, *Lipin v. Wisehart,* No. 16-cv-00661-RBJ-STV, 2018 WL 828024 (D. Colo. Feb. 9, 2018). That decision was affirmed by the Tenth Circuit in *Lipin v. Wisehart,* 760 F. App'x 626 (10th Cir. 2019) (unpublished). I will refer to that case as *Lipin v. Wisehart I*.

The pertinent facts, taken from *Lipin v. Wisehart I,* began in 1987 when Dorothy Wisehart created the Dorothy R. Wisehart Trust (the Trust). She named herself and her son, Arthur McKee Wisehart ("AMW") as co-trustees. As described by the Tenth Circuit,

> She intended for the Trust assets to qualify for the $1 million "Generation Skipping Transfer Exclusion" for federal estate tax purposes and therefore directed in the Trust Agreement that $1 million would remain in the Trust upon her death . . . and that AMW's children and his wife, Elizabeth, would become income beneficiaries of income from these assets.

760 F. App'x at 629.

AMW had four children: Arthur Dodson Wisehart ("ADW"), Ellen Wisehart, Winston Wisehart, and William Wisehart. In 1992 his daughter Ellen Wisehart and her husband, Richard

Kreycik, bought the property in Paonia, Colorado that ultimately has become the subject of all this litigation. They did so through a trust called the Morning Sun Farm Trust. The property consists of four parcels of land. The Wisehart Springs Inn is located on the land.

In 1993 Dorothy Wisehart died. AMW became the sole Trustee of the Trust. AMW's wife, Elizabeth, and four children (ADW, Ellen, Winston and William) became income beneficiaries of the Trust.

In 1995 Ellen and her husband Richard quitclaimed the Paonia property to the Trust. At that time there was still debt on the property. In 1996 AMW assumed responsibility for that debt (which might explain some of the things that happened later). The debt was paid, but it is unclear where the funds came from.

In 2009 four of the five income beneficiaries of the Trust, exercising authority granted in the Trust Agreement, removed AMW as the sole trustee of the Trust and appointed AMW and ADW as co-trustees. AMW and ADW accepted their appointments as co-trustees.

In 2013 AMW's wife, Elizabeth, died. At that time ADW and his wife, Erin, and Ellen Wisehart and her husband, Richard, lived on the property. ADW and Erin operated the Wisehart Springs Inn.

In 2015 AMW married Joan C. Lipin. AMW was a lawyer of many years' experience. Ms. Lipin was his former client and paralegal. The Tenth Circuit described Joan as having "nearly two decades of experience as an active pro se litigant in federal and state courts in the Northeast." 760 F. App'x at 630. Ms. Lipin has indicated that she is a law school graduate." *Id.*

In 2015, shortly after marrying Joan Lipin, AMW sued his son ADW, his son Winston, and the Wisehart Springs Inn in federal court in New Jersey. He alleged that the defendants had

3

conspired to steal property from him, including the Paonia property, in violation of RICO. That lawsuit was later transferred to this district. I will come back to it later.

Still in 2015 AMW recorded two notices in the real estate records of Delta County, Colorado in which he stated (incorrectly) that he was the sole trustee of the Trust, and (incorrectly) that the Trust had transferred the Paonia property to him by warranty deed.

In January 2016, AMW (or Ms. Lipin) recorded four quit-claim deeds, one for each of the four parcels of the Paonia property, purporting to convey the parcels to Ms. Lipin. In February 2016 Ms. Lipin informed the defendants that they were trespassing; that they were illegally operating the Wisehart Springs Inn; and that she planned to sell at least three of the four parcels.

On March 16, 2016 ADW filed a lawsuit against AMW and Ms. Lipin in the Delta District Court seeking declarations that the Trust owned the property. Five days later, on March 21, 2016, Ms. Lipin filed *Lipin v. Wisehart I* in this court. She sought equitable relief, essentially to eject ADW, Erin, Ellen and Richard from the Paonia property.

On February 9, 2018 I granted summary judgment in favor of the defendants. 2019 WL 828024 at *3. I found that Ms. Lipin had provided "no evidence that there was anything flawed or invalid about the Appointment of Co-Trustee Document." *Id.* I further found that AMW had no right as Co-Trustee to convey the Paonia property without the signature of the other Co-Trustee, much less to convey it to himself. *Id.* Thus, I concluded that "Ms. Lipin has no interest in the Property. The Property continues to belong to the DRW Trust." *Id.*

Ms. Lipin appealed. The Tenth Circuit affirmed the grant of summary judgment in favor of the defendants. Defendants requested sanctions against Ms. Lipin. The court stated, "We have no difficulty concluding Lipin's appeals are frivolous under Rule 38." 760 F. App'x at 637.

4

However, because "the person who may be subject to sanctions must receive notice that sanctions are being considered and an opportunity to respond," the court granted Ms. Lipin fifteen days to show cause as to why she should not be sanctioned. *Id.*

Ms. Lipin did not show cause. On March 4, 2019 the Tenth Circuit imposed sanctions. *Lipin v. Wisehart, et al.,* Nos. 18-1060 and 18-1176, slip op. at 2 (10th Cir. March 4, 2009). On May 15, 2019 the Tenth Circuit remanded the case to this Court with directions to reduce the $15,000 sanctions order to judgment (including interest on any unpaid portion) and indicating that further appeals by Ms. Lipin would be summarily dismissed unless she submits proof of payment of the sanctions judgment. ECF No. 142. I issued the judgment as directed and, in doing so, ordered that a $10,000 cost bond held in the court registry plus accumulated interest would be released to defendants' counsel in partial satisfaction of the judgment. ECF No. 145. Whether the remainder of the sanctions judgment has been paid is unknown to me.[1]

---

[1] Ms. Lipin is not a stranger to judicial sanctions. In *Lipin v. Hunt,* 573 F. Supp. 2d 836 (S.D.N.Y. 2008), the court stated that "Ms. Lipin has been sanctioned severely by other courts for her litigation conduct," noting six cases in which monetary sanctions had been imposed for her litigation misconduct. *Id.* at 839-41. The court enjoined her from further litigation concerning claims relating to her father's estate or estate property without first obtaining leave of the court. *Id.* at 846. In a separate but more recent case of the same name, a different judge began his opinion by stating, "Plaintiff Joan C. Lipin, proceeding *pro se,* has a long and well-documented history of vexatious litigation relating to claims originating a decade ago in Maine probate court." *Lipin v. Hunt,* No. 14-cv-1081, 2015 WL 1344406, at *1 (S.D.N.Y. March 20, 2015). The case was filed in violation of previously-imposed filing restrictions. The court dismissed Ms. Lipin's claims sua sponte, with prejudice. It did not impose monetary sanctions, fearing that it would just prolong the litigation, but it warned that fines or even imprisonment would follow if she attempted to raise the same issues in another case. *Id.* at 11.

## Wisehart v. Wisehart (federal)

This is the lawsuit mentioned above that was filed by AMW pro se (or someone on his behalf) in federal court in New Jersey in 2015, shortly after AMW married Ms. Lipin. It was transferred to the District of Colorado on January 4, 2018. No. 18-cv-00021-MSK-NYW. The defendants were ADW, the Wisehart Springs Inn, and Charles Winston Wisehart.

The Complaint described AMW as having been born on July 3, 1928, which made him 87 years old at the time of the filing, and as a graduate of the University of Michigan Law School in 1954, with various honors received thereafter. ECF No. 1 at ¶¶13-17 in 18-cv-00021. Much like the present case, the plaintiff alleged that the defendants conspired with themselves and with William Wisehart, Ellen Wisehart, Erin Jameson and Richard Kreycik to steal the Paonia property from him and the Trust, and to engage in wrongful acts on the property including illegal narcotics activities, mail fraud, wire fraud, extortion and money laundering, all in violation of RICO. *See generally id.* at ¶¶18-127.[2]

The New Jersey court denied plaintiff's motion to disqualify defense counsel but granted defendant's motion to dismiss the case without prejudice. ECF No. 26 in 18-cv-00021. Plaintiff was, however, granted leave to amend in order properly to alleged venue. ECF No. 27. After plaintiff failed to file an amended complaint, the case was dismissed with prejudice. ECF No. 28. Plaintiff moved to vacate that order. Ultimately, the court did vacate the dismissal order and, instead, transferred the case to the District of Colorado. ECF No. 63.

---

[2] The Complaint also references properties in New York and Ohio, *id.* at ¶19, but the Paonia property is its predominant focus.

Many pleadings later, plaintiff filed a motion for summary judgment. ECF No. 127. On March 5, 2019 the court, by Judge Krieger, denied that motion, finding that "Plaintiff has not come forward with evidence sufficient to state a *prima facie* claim [under RICO] even in the absence of a response by the Defendants." ECF No. 196 at 4. The court granted the plaintiff twenty-one days to submit admissible evidence sufficient to support his claims. *Id.* at 6. Plaintiff filed a response, ECF No. 202, but also filed an appeal. ECF No. 198. The appeal was dismissed for lack of jurisdiction. ECF No. 205. The case remains in the district court, and its future is uncertain at this time.

Ms. Lipin filed the present case approximately three weeks after the court denied plaintiff's summary judgment motion in *Wisehart v. Wisehart*.

### Wisehart v. Wisehart (Delta County)

On March 16, 2017 ADM, as Co-Trustee of the Trust, filed a lawsuit in the District Court for Delta County, Colorado against AMW and Ms. Lipin. No. 16CV30032. ADM sought a declaration that the Paonia property was owned solely by the Trust and damages for breach of fiduciary duty and other common law theories and for the recording of ineffective documents in the real estate records of Delta County. In apparent reaction to that filing, Ms. Lipin filed *Lipin v. Wisehart I* in this Court five days later. A chronology of the case can be found in the order of Delta District Judge Steven L. Schultz issued March 26, 2019, filed as ECF No. 12-2 in the present case.

Briefly, as shown in Judge Schultz's order, the AMW and Ms. Lipin were served and filed motions to dismiss and other motions, but they never answered. After twice denying plaintiff's motion for a default, in order to give AMW and Ms. Lipin a further opportunity to

7

answer, the clerk entered a default. The court set a hearing on plaintiff's motion for a default judgment, but neither AMW nor Ms. Lipin nor anyone on their behalf appeared. The court was satisfied that a default judgment should enter but, nevertheless, set a hearing on August 20, 2018 to consider damages. The defendants tried to call in for that hearing but the court denied that request, "given the vexatious history of the Defendants' involvement in this case and the complexity of the remaining damages issues." *Id.* at 5, ¶10. Nevertheless, the court rescheduled the hearing for October 12, 2018. AMW and Ms. Lipin failed to appear. *Id.* ¶11.

In its order of March 26, 2019, the court entered a declaratory judgment that the Paonia property was vested solely in the Trust, that AMW and ADW were validly appointed as Co-Trustees, and that any sale or disposition of the property requires the approval of both Trustees so long as there remain two Co-Trustees. *Id.* at 6, ¶1. This order was consistent with this Court's order to the same effect in *Lipin v. Wisehart I,* as affirmed by the Tenth Circuit.

The court also found that AMW's filing of a deed of trust, an affidavit, two notices of transfer, and four quitclaim deeds contrary to the true ownership of the property constituted self-dealing and a breach of fiduciary duty, such that all such recorded documents were void and set aside. *Id.* ¶¶2-5. The court described these documents as "either groundless, contain a material misstatement or false claim, or are otherwise invalid and are spurious document, pursuant to C.R.S. § 38-35-109(3) and C.R.S. § 38-35-201(3), or because they were procured or resulted from the improper acts of Arthur McKee Wisehart, in breach of his fiduciary duties to the trust and to the beneficiaries thereof." *Id.* at 7, ¶8.

As for Ms. Lipin, the court found that AMW could not convey an interest in the Paonia property to her, and indeed, Ms. Lipin "had actual knowledge, inquiry notice, and/or constructive

8

notice that Arthur McKee Wisehart had no authority to convey the Paonia Property to himself, that she was not a bona fide purchaser for value of the Paonia Property, and that those Recorded Documents under which she claims ownership were invalid and ineffective to convey title to the Paonia Property." *Id.* at 6, ¶¶ 6-7.

The court found that the plaintiffs were entitled to statutory penalties of $6,000 ($1,000 for each of the six recorded bogus documents) jointly and severally against AMW and Ms. Lipin. *Id.* at 7, ¶10-12. In addition, the court found AMW and Ms. Lipin liable for civil theft, *Id.* at 9, ¶¶24-26; and civil conspiracy, *Id.* at ¶¶28-29. It enjoined AMW and Ms. Lipin from recording any further documents affecting title to the Paonia property on a pro se basis without first acquiring leave of court. *Id.* at 10, ¶¶32-34.

The Court also found that AMW and Ms. Lipin's conduct in the lawsuit was frivolous, vexatious, and engaged in by them in bad faith and to increase the costs to ADW to recover the illegally transferred property, noting that it was relying on the court's own findings but also the findings and conclusions of this Court and the Tenth Circuit in *Lipin v. Wisehart I*. It awarded attorney's fees in the amount of $31,745 against both defendants and an additional $1,200 against AMW alone. *Id.* at 12, ¶48.

The present case was filed by Ms. Lipin on March 29, 2019. This was three days after Judge Schultz's decision in the Delta County case (and as noted earlier, approximately three weeks after Judge Krieger denied plaintiff's (AMW's) motion for summary judgment in *Wisehart v. Wisehart (federal case)*.

9

## ANALYSIS AND CONCLUSIONS

### A. <u>Motion to Dismiss (Wisehart Defendants), ECF No. 12</u>.

Preliminarily, in the more recent *Lipin v. Hunt* case, *supra* n.1, the court stated, "[Ms. Lipin's] *modus operandi* is clear: she litigates variations of the same meritless claims against an ever-growing group of defendants over and over. Once Plaintiff receives the inevitably unfavorable decision, she simply brings the lawsuit again, adding lawyers, judges, and court clerks as defendants." 2015 WL 1344406 at *11.

That is precisely what she has done here. Despite the contrary rulings from this Court, the Tenth Circuit, and the Delta County District Court, Ms. Lipin asserts, once again, that she is the legal title owner of the Paonia property. ECF No. 1 at ¶16. This time she joins the Wisehart defendants' lawyer, and the Indiana lawyer who was hired by the Wisehart defendants to express opinions in the Delta County case and in *Lipin v. Wisehart I,* and the Delta County Assessor, as additional defendants. What's more, despite Judge Krieger's assessment of the RICO claim asserted by or in the name of AMW in *Wisehart v. Wisehart (federal),* Ms. Lipin brings a substantially similar RICO claim in this case. It appears that each time Ms. Lipin sustains a loss in one court (and regardless whether monetary sanctions were imposed), she quickly files a similar case in another court.

The Wisehart defendants argue that Ms. Lipin's claims against them, which all rest on the premise that she owns the Paonia property, are barred by claim preclusion, either by res judicata or by collateral estoppel. Issue preclusion (collateral estoppel) is established if the defendant shows

> (1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party or in privity with a party to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

*Murdock v. Ute Indian Tribe of Uintah and Ouray Reservation,* 975 F.2d 683, 687 (10th Cir. 1992).

I find that the issues related to ownership of the Paonia property – the relevant terms of the Trust; the validity of the appointment of Co-Trustees, the Trust's ownership of the property; the requirement that both Co-Trustees (AMW and ADW) must approve any disposition of the property, which has not occurred; and Ms. Lipin's lack of any valid claim to ownership of the property -- are identical to issues presented and decided in *Lipin v. Wisehart I.* That action has been finally adjudicated on the merits. Ms. Lipin had a full and fair opportunity to litigate the issues (and any variations on the theme such as to assert a RICO violation) in that case.

Ms. Lipin's response to the motion includes irrelevant and largely frivolous complaints about defense counsel. *See* ECF No. 17 at ¶¶1-19, 22, 27-32. She has made arguments concerning the Court's obligations in considering Rule 12(b)(6) motions, *id.* at ¶¶ 20-21, but those arguments are inapplicable given that previous court decisions of which I may take judicial notice render her claim of ownership of the Paonia property to be false as a matter of law. I have considered her arguments concerning claim preclusion, *id.* at ¶¶ 23- 26, none of which addresses the simple point that she has asserted her claim of ownership in the previous case (cases) and has unequivocally lost, both at the district and the appellate levels.

Accordingly, she is likely barred by res judicata from relitigating the ownership issues at least against the Wisehart defendants who were also named as defendants in *Lipin v. Wisehart I.*

11

At a minimum she is barred by collateral estoppel from relitigating those issues against all the Wisehart defendants in the present case. Because her claims regarding ownership of the Paonia property are the foundation on which all her claims rest, defendants' motion to dismiss must be granted.³ The Wisehart defendants also seek an award of attorney's fees. I will discuss possible sanctions later in this order.

### B. Motion to Disqualify Attorney Mark Apelman and Boyle/Apelman PC, ECF No. 16.

Ms. Lipin complains that opposing counsel, Mr. Apelman, filed four documents "under a spoliated and altered caption that constitutes a forgery." ECF No. 16 at ¶2. The four documents are Mr. Apelman's Entry of Appearance, ECF No. 9; a Disclosure Statement indicating that Wisehart Springs Inn, Inc. has no parent corporation or publicly held corporation owning 10% or more of its stock, ECF No. 10; a Notice of Related Cases, identifying the cases I have discussed in this order plus an Ohio case that I have not discussed, ECF No. 11; and the Wisehart defendants' motion to dismiss in the present case, ECF No. 12. The gist of the motion seems to be that whereas in the caption of the Amended Complaint as she drafted it she sued ADW "*in his individual capacity*, and in his capacity as President and 'Alter-Ego' of Wisehart Springs Inn, Inc.," (emphasis in original), the four pleadings read "individually and in his capacity as President of Wisehart Springs Inn, Inc.," i.e., not the same wording as in the Amended Complaint. ECF No. 16 at ¶¶5.

---

³ One could argue that, having had the property ownership issue decided in *Lipin v. Wisehart I,* Ms. Lipin lacks standing now to assert a claim based on her ownership of that property. That issue has not been raised or briefed by the parties. Thus, assuming arguendo that she does have standing, her claims are nevertheless barred by claims preclusion.

Mr. Apelman, foolishly in my opinion, responds that he changed the caption and omitted the reference of ADW as the "alter-ego" of the Wisehart Springs Inn, Inc. because that characterization was a theory of recovery, not a legal capacity, and therefore was "verbiage." ECF No. 21 at 2. If he objected to the way Ms. Lipin captioned her case, the solution was not to take it upon himself to change her caption. He could either ask the plaintiff to change the caption or, if this would be futile, bring his concern to the attention of the Court with a motion and let the Court resolve it. Changing her caption was just an invitation for trouble.

That said, however, it is much ado about nothing. His bit of self-help is not ground for disqualification, and certainly it is not indicative of "spoliation" or "forgery." Ms. Lipin has a history of filing motions to disqualify lawyers and judges, and it does not appear to take much for her to do so. Accusing Mr. Apelman of forgery or spoliation, seemingly terms she does not understand to begin with, is frivolous and groundless.

Ms. Lipin also argues that Mr. Apelman will be a necessary witness at the "evidentiary hearing" in this case and, therefore, should be disqualified under Rule 3.7 of the Colorado Rules of Professional Conduct. ECF No. 16 at 7, ¶18. Whether that rule would apply in the event of an evidentiary hearing on the merits or a trial is irrelevant, as there will not be a hearing or trial in this case. The rule would not disqualify Mr. Apelman in the event of an evidentiary hearing on the reasonableness of an attorney's fee request.

The Court has considered the other arguments in the motion, including a conclusory assertion that Mr. Apelman conspired with the Delta County Assessor to alter public records that has no evidentiary support, and finds that none of them provides any basis for disqualification of Mr. Apelman or his law firm.

### C. Motion to Dismiss (Rebecca Geyer), ECF No. 19.

Ms. Geyer, an Indiana attorney specializing in Trusts and Estates law, was retained to express opinions in *Lipin v. Wisehart I* (and in the Delta County case) regarding the validity of the Trust and the Appointment of Co-Trustees. Her opinions were provided in an affidavit. Consistent with her affidavit, this Court and the Tenth Circuit have found that the Trust owned the property, and that the Appointment of Co-Trustees was a valid instrument. Representing herself pro se, Ms. Geyer argues that because the ownership issue has been resolved in *Lipin v. Wisehart I*, the claims against her (which rest on Ms. Lipin's assertion that she owns the Paonia property) should be dismissed based upon issue preclusion (collateral estoppel). ECF No. 19 at 2-4. I agree, as noted with respect to the Wisehart defendants, that the *Murdock* requirements for collateral estoppel are met.

Even more fundamentally, Ms. Geyer argues that because her involvement was solely that of a witness, she should be granted immunity in this case. Again, I agree. *See PJ ex rel. Jensen v. Wagner,* 603 F.3d 1182, 1196 (10th Cir. 2010) ("Like the absolute immunity afforded prosecutors who perform actions intimately associated with the judicial process, '[t]he immunity of parties and witnesses from subsequent damages liability for their testimony in judicial proceedings is well established in the common law….' Testifying witness immunity is 'supported by the public policy of preserving the truthfinding process from distortions caused by fear of suit.'") (quoting *Spielman v. Hildebrand,* 873 F.2d 1377, 1382 (10th Cir. 1989)). *See also Dalton v. Miller,* 984 P.2d 666, (Colo. App. 1999), *cert. denied* (March 27, 2000) (psychiatrist hired to perform an independent medical examination, prepare a report, and testify in a trial preservation deposition was entitled to immunity from civil liability for statements in his report

and testimony). As I have noted, Ms. Lipin has a history of relitigating issues she has lost and expanding the litigation to include individuals who had some role in the prior lawsuit. People such as Ms. Geyer should not be discouraged from participation in the judicial process by the risk of facing a subsequent damages suit by a party who does not like their opinions.

D. **Motion to Dismiss (Debbie Griffith), ECF No. 22.**

Ms. Griffin was sued in her official capacity as the Delta County Assessor, which in substance is a suit against Delta County, not against Ms. Griffin individually. *See, e.g., State v. Nieto,* 993 P.2d 493, 508 (Colo. 2000). The Assessor maintains certain official records. Ms. Lipin asserts, in conclusory language, that Ms. Griffith conspired with Mr. Apelman to alter or destroy public records. No facts are alleged that could make out a plausible claim. In any event, the gravamen of the complaint against the Assessor again comes back to Ms. Lipin's claim of ownership of the Paonia property, with which she apparently seems to think Ms. Griffith interfered in some improper way. Because that issue was resolved in *Lipin v. Wisehart I* (and in the Delta County suit), based not upon the Assessor's records but upon the terms of the Trust documents. I find and concludes that Ms. Lipin's claim against Delta County based on the Assessor's acts is barred by claim preclusion (collateral estoppel).

Defendant also argues that Ms. Lipin's common law fraud claim (Claim VII) is barred by the Colorado Governmental Immunity Act, specifically, by her failure to provide statutory notice per C.R.S. § 24-10-109(1). ECF No. 22 at 7-9. I agree. That failure is jurisdictional.

Defendant seeks an award of attorney's fees on several grounds. I discuss sanctions immediately below.

**E. Sanctions.**

The history of this case, which is consistent with Ms. Lipin's litigation history elsewhere, indicates that Ms. Lipin will not respect the orders of courts in which she files lawsuits and is heedless of the impacts, financially and otherwise, that her lawsuits have on the persons she sues. The present lawsuit is, simply put, an abuse of the litigation process.

As a sanction for the filing of this repetitive and meritless case, the Court orders that Ms. Lipin may not file another pro se lawsuit, in her name or in anyone else's name, in the United States District Court for the District of Colorado which raises her claim of ownership of the Paonia property or her claim that the Co-Trustee Agreement is invalid or unenforceable, without the express advance approval of one of the United States District Judges in this district.

Some of the defendants have requested an award of attorney's fees. I decline to address that issue on the present record. It could be that one or more defendants might elect not to pursue a monetary sanction in order to avoid prolonging the litigation. If, however, one or more defendants elects to pursue a possible attorney's fees award, I will need briefing on the specific grounds. For example, as to C.R.S. § 13-17-101 et seq., does it apply in this federal case? *See McCoy v. West,* 965 F. Supp. 34, (D. Colo. 1997). Does C.R.S. 13-17-201 apply at all? Does 28 U.S.C. §1927 apply to a pro se litigant (and does the fact, if it is a fact, that Ms. Lipin is a lawyer make a difference? *See Hutchinson v. Pfeil,* 208 F.3d 1180, 1187 n.9 (10th Cir. 2000). Are there grounds for a sanction under Rule 11 of the Federal Rules of Civil Procedure? If the decision is to pursue a fee award, I request that the defendant or defendants, in addition to identifying the statutory basis, specifies the amount of fees requested and provide itemized billing records and

any other relevant documentation. Ms. Lipin will have an opportunity to respond in writing, and the Court will also hold a hearing.

## ORDER

1. The Wisehart defendant's motion to dismiss, ECF No. 12, is GRANTED.

2. Plaintiff's motion to disqualify counsel, ECF No. 16, is DENIED.

3. Defendant Geyer's motion to dismiss, ECF No. 19, is GRANTED.

4. Defendant Debbie Griffith's motion to dismiss, ECF No. 22, is GRANTED.

5. This civil action and all claims therein are dismissed with prejudice.

6. As the prevailing parties, defendants are awarded costs to be taxed by the Clerk of Court pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

7. The Court reserves ruling on any requested monetary sanction (attorney's fees) pending the filing of specific motions, briefing and a hearing on same.

8. Ms. Lipin is expressly precluded from filing another pro se lawsuit, in her name or in anyone else's name, in the United States District Court for the District of Colorado, which raises her claim of ownership of the Paonia property or her claim that the Co-Trustee Agreement is invalid or unenforceable without the express advance approval of one of the United States District Judges in this district.

DATED this 3rd day of January, 2020.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge